UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JOSE PAGAN,

                Plaintiff,

   v.                                               9:18-CV-1094
                                                       (TJM/DJS)

DONALD VENETTOZZI, et al.,

                Defendants.

---

APPEARANCES:

JOSE PAGAN
Plaintiff, pro se
70 Winthrop Avenue
New Rochelle, NY 10801

THOMAS J. McAVOY
Senior United States District Judge

**DECISION and ORDER**

## I.    INTRODUCTION

Pro se plaintiff Jose Pagan commenced this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"), together with an application to proceed in forma pauperis. Dkt. No. 2 ("Compl."); Dkt. No. 7 ("IFP Application"). By Decision and Order dated November 5, 2018, the Court, among other things, granted plaintiff's IFP Application and dismissed some of his claims. Dkt. No. 9 ("November 2018 Order") at 21-22. The Court also directed service and ordered that the remaining defendants respond to the claims that survived sua sponte review. *Id*.

Presently before this Court is plaintiff's motion for reconsideration of the November 2018 Order.  *See* Dkt. No. 12.

## II.  MOTION FOR RECONSIDERATION

A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice. *Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983)).  The standard for granting a motion for reconsideration is strict.  *Shrader v. CSX Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  A motion for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided."  *Id.*[1]  Thus, a motion for reconsideration is not to be used for "presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'"  *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998).

Plaintiff does not suggest that there has been an intervening change in the controlling law, nor has he presented new evidence which was not previously available.  Therefore, the only basis for reconsideration is to remedy a clear error of law or to prevent manifest injustice.  After thoroughly reviewing plaintiff's motion and affording it due consideration in light of his status as a pro se litigant, the Court finds that plaintiff presents a basis for reconsideration of part of the Court's November 2018 Order.

---

[1]  Generally, motions for reconsideration are not granted unless "the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Shrader*, 70 F.3d at 257.

### A. Eighth Amendment Claims

Plaintiff contends that the Court erred in dismissing his Eighth Amendment claims against defendants Cotto, Purdy, LaPenna, Cardone, and Venettozzi. *See* Dkt. No. 12 at 5-11, 14-19. The Court liberally construed the complaint to assert Eighth Amendment claims based on the investigation surrounding inmate Felder's claims, and the conditions of plaintiff's confinement during the investigation. *See* November 2018 Order at 11-15.

After thoroughly reviewing plaintiff's motion and affording it due consideration in light of his status as a pro se litigant, the Court finds that plaintiff presents no basis for reconsideration of the Court's dismissal of his Eighth Amendment claims. However, because plaintiff has included factual statements in his motion for reconsideration regarding the conditions of his confinement that were not included in his original complaint, a few words bear mentioning regarding this claim.

The complaint describes the detention room where plaintiff was placed for part of the day on September 3, 2015, through part of the next day, as being "bug infested, with no adequate ventilation," "dirty," having a toilet and sink that "reaked [sic] of urine[,]" with feces and "dead bugs" "smeared on the walls." Compl. at 12. Although plaintiff states in his motion for reconsideration that he endured these conditions for thirty-two hours, *see* Dkt. No. 12 at 19, the complaint did not contain such allegations. Moreover, plaintiff did not allege that his exposure to these conditions was constant, and the allegations in the complaint plausibly suggest that he was removed from this room at least once for an unidentified amount of time. Compl. at 8-9. The complaint also lacks allegations that plaintiff did not have access to water, a working toilet, or toilet paper.

In addition, while the complaint alleges that plaintiff requested and was denied

3

cleaning supplies by defendant Purdy when he was first brought to the detention unit, it is unclear how long he remained in the room thereafter before being removed to speak with defendant Cotto. Plaintiff also does not allege that he complained to defendant Cotto about the conditions of his cell, or requested cleaning supplies when he returned to the cell. Instead, he alleges that he sought to speak with "the chaplain or mental health" and, thereafter, defendant LaPenna was brought to his room. Compl. at 12-13. Plaintiff does not allege that he requested anything from defendant LaPenna, or complained to her about the conditions of his cell.

In other words, contrary to plaintiff's argument in his motion for reconsideration, the Court did not base its decision dismissing this claim solely on the duration of plaintiff's confinement in the detention room. Rather, the Court dismissed plaintiff's claim based on the conclusory nature of his pleading.

As noted in the November 2018 Order, plaintiff may amend his complaint to include additional allegations in support of any of his claims that were dismissed, including his conditions-of-confinement claim. *See* November 2018 Order at 22 n.9. However, as alleged (and as noted in the November 2018 Order), the complaint fails to satisfy either of the elements of a conditions-of-confinement claim against any of the named defendants.

### B. Fourteenth Amendment Due Process Claims

Plaintiff contends that the Court erred in dismissing his due process claims asserted against defendants Cotto and Purdy. *See* Dkt. No. 12 at 4-11, 20-23. In the November 2018 Order, the Court construed plaintiff's complaint to assert due process claims against defendants Cotto and Purdy based on their role in investigating inmate Felder's claims, and dismissed plaintiff's claims relying on well-settled law that "inmates do not enjoy a

4

constitutional right to an investigation of any kind by government officials." *See* November 2018 Order at 17 (case citations omitted).

Plaintiff clarifies in his motion that he did not seek to assert Fourteenth Amendment claims against defendants Cotto and Purdy based on them investigating inmate Felder's claims and "filing . . . unfounded charges[.]" Dkt. No. 12 at 5-6. Rather, plaintiff states that his Fourteenth Amendment claims against these defendants are based on his allegations that these defendants denied him a meaningful opportunity to be heard during their investigation into inmate Felder's claims, and thereafter participated in plaintiff's disciplinary hearing by providing supplemental information to defendant Cardone after the hearing commenced. *Id.* at 5-11.

Upon reconsideration, the Court agrees that plaintiff's complaint contains allegations which plausibly suggest that defendants Cotto and Purdy participated in plaintiff's disciplinary hearing by providing supplemental information to defendant Cardone. *See* Compl. at 22-26, 31-37. The Court is also mindful that, while inmates do not have a constitutional right to an investigation, and the alleged filing of a false misbehavior report does not by itself give rise to a cognizable Section 1983 claim, under certain circumstances, corrections officials tasked with investigating or collecting evidence in connection with a disciplinary hearing may be personally involved in an alleged denial of due process. *See, e.g., Livingston v. Piskor*, 153 Fed. Appx. 769, 771 (2d Cir. 2005) (summary order) (allegation that Superintendent Kelly failed to preserve videotapes sufficient to establish personal involvement in denial of due process during the course of disciplinary hearings); *Alli v. City of New York*, No. 11-CV-7665, 2012 WL 4887745, at *6-7 (S.D.N.Y. Oct. 12, 2012) (allegations that corrections official conducted "a biased and incomplete investigation," which then led to the filing of disciplinary

5

charges against the inmate, who was allegedly denied due process during a "flawed" disciplinary hearing, were sufficient to state a claim against the investigating official); *Amaker v. Fischer*, No. 10-CV-464, 2013 WL 6092501, at *5 (W.D.N.Y. Nov. 19, 2013) ("[P]laintiff's allegations that Lt. Keenan and IRC Krygier failed to preserve the videotape of plaintiff's interaction with C.O. Croston and C.O. Rynlewicz outside of his cell prior to his disciplinary hearing on May 22, 2010, despite his timely requests that the videotape be preserved as exculpatory evidence, is sufficient to support their personal involvement in plaintiff's denial of due process claim.").

Accordingly, and out of an abundance of solicitude, the Court will grant plaintiff's motion for reconsideration with respect to his due process claims against defendants Cotto and Purdy. In so ruling, the Court expresses no opinion as to whether these claims can withstand a properly filed dispositive motion.

### C. Remaining Claims

After thoroughly reviewing plaintiff's motion and affording it due consideration in light of his status as a pro se litigant, the Court finds that plaintiff has not presented a basis for reconsideration of any remaining aspect of the November 2018 Order. Rather, based upon a review of the relevant law and its application to the facts of this case, the Court concludes that the remainder of its previous decision was legally correct and did not work a manifest injustice. Accordingly, the remainder of plaintiff's motion for reconsideration of the November 2018 Order is denied.

## III. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's motion for reconsideration (Dkt. No. 12) is **GRANTED in part** and **DENIED in part** as follows:

(1) plaintiff's motion is **GRANTED** with respect to his Fourteenth Amendment due process claims against defendants Cotto and Purdy, which claims **SURVIVE** initial review and require a response from these defendants; and

(2) plaintiff's motion is otherwise **DENIED**; and it is further

**ORDERED** that the Clerk shall issue summonses and forward them, along with copies of the amended complaint, to the United States Marshal for service upon defendants Cotto and Purdy; and it is further

**ORDERED** that a response to plaintiff's complaint be filed by defendants Cardone, Venettozzi, Cotto, and Purdy, or their counsel, as provided for in the Federal Rules of Civil Procedure; and it is further

**ORDERED** that all pleadings, motions and other documents relating to this action be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367. Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions. All motions will be decided on submitted papers without oral argument unless otherwise ordered by the Court. **Plaintiff is also required to promptly notify, in writing, the Clerk's Office and all parties or their counsel of any change in plaintiff's address; his failure to do so may result in the dismissal of this action**; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED.**

Dated: February 21, 2019

Thomas J. McAvoy
Senior, U.S. District Judge