**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

JOSE PAGAN,

                              Plaintiff,
       - v -                                  Civ. No. 9:18-CV-1094
                                                  (TJM/DJS)

VENETTOZZI, *et al.*,

                              Defendants.

**APPEARANCES:**                                  **OF COUNSEL:**

JOSE PAGAN
Plaintiff, *Pro Se*

HON. LETITIA JAMES                        JOSHUA E. MCMAHON, ESQ.
Attorney General of the State of New York     Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

*Pro se* Plaintiff Jose Pagan brought this action, pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his civil rights. Dkt. No. 2, Compl. Presently pending is Defendants' Motion to Dismiss the Complaint based on Plaintiff's failure to prosecute the action pursuant to Federal Rules of Civil Procedure 37 and 41. Dkt. No. 47. Plaintiff's response to the Motion was due on February 26, 2021. Text Notice dated Feb. 8, 2021. When Plaintiff failed to respond by that date, the Court *sua sponte* granted Plaintiff an

extension of time to respond to April 12, 2021. Dkt. No. 48. The Court has not received any response or other communication from Plaintiff.

## I.  BACKGROUND

Plaintiff filed this Section 1983 action in August of 2018. Dkt. No 2. The Court reviewed his Complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A and permitted certain claims to proceed. Dkt. Nos. 9 & 24. Defendants moved to dismiss Plaintiff's Complaint in May of 2019. Dkt. No. 32. Plaintiff did not file any submission in response to that motion. The Court granted that motion in part and denied it in part, allowing certain of Plaintiff's claims to proceed. Dkt. Nos. 35 & 37.

On November 10, 2020, Defendants submitted a status report to the Court advising that they had served Plaintiff with a notice of deposition for November 11, 2020 that requested Plaintiff to contact counsel, but had not received any communication from Plaintiff. Dkt. No. 44. As a result, the Court scheduled a phone conference for December 2, 2020, and notified Plaintiff of the same at his address on record. Dkt. No. 45. Plaintiff did not appear for that conference, at which counsel for Defendants advised the Court that he had not been able to contact Plaintiff for a period of time. Text Min. Entry dated Dec. 2, 2020. The Court granted an extension of discovery to January 5, 2021 for the purposes of completing Plaintiff's deposition. *Id.* The Court then issued an order advising Plaintiff of his obligation to participate in discovery, as well as reminding him of his obligation to provide the Court and Defendants' counsel with notice of any change in his address. Dkt. No. 46. The Court ordered Plaintiff to appear for a deposition on January 5, 2021 at 10

a.m., and to provide Defendants' counsel with a telephone number or email address at which he could be reached for purposes of a remote deposition on or before December 30, 2020. *Id.* The Court specifically reminded Plaintiff that his failure to attend, be sworn, and answer appropriate questions at the deposition ordered by the Court could result in sanctions being imposed under Federal Rule of Civil Procedure 37, including the sanction of dismissal of his Complaint. *Id.* The Order additionally advised Plaintiff that his failure to cooperate in the scheduling of the deposition could result in the imposition of sanctions, including dismissal of the action. *Id.*

On February 5, 2021, Defendants filed the instant Motion. Defense counsel affirms in his Motion that Plaintiff has not provided him or his office with a telephone number or email address at which he could be reached for purposes of a deposition, as ordered by the Court. Dkt. No. 47-1 at ¶ 28. Defendants move for dismissal of the Complaint pursuant to Rule 37 for Plaintiff's failure to obey a discovery order, in that Plaintiff failed to comply with the Court's December 3, 2020 order. Dkt. No. 47-1. It also seeks dismissal pursuant to Rule 41 for failure to prosecute his case on the basis that it appears that Plaintiff has failed to keep the Court and defense counsel apprised of any change in address, and has failed to respond to repeated efforts to obtain current contact information from him. *Id.*

## II. DISCUSSION

Federal Rule of Civil Procedure 37 authorizes an array of sanctions to be imposed when a party fails to comply with a court order. FED. R. CIV. P. 37(b)(2); *see*

*also* N.D.N.Y.L.R. 1.1(d) ("Failure of . . . a party to comply with any provision of these Rules, General Orders of this District, Orders of the Court, or the Federal Rules of Civil or Criminal Procedure shall be a ground for imposition of sanctions."). Included as a sanction in Rule 37(b)(2) is the remedy of dismissal against the disobedient party. FED. R. CIV. P. 37(b)(2)(A)(v). The Rule further provides that, "[i]f the court where the discovery is taken orders a deponent to be sworn or to answer a question and the deponent fails to obey, the failure may be treated as contempt of court," and also provides that sanctions are available, upon motion, for a party's failure to attend his own deposition. FED. R. CIV. P. 37(b)(1) & (d)(1)(A)(i).

Similarly, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order[.]" FED. R. CIV. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *see also* N.D.N.Y.L.R. 41.2. "This power to dismiss an action may be exercised when necessary to achieve orderly and expeditious disposition of cases." *Freeman v. Lundrigan*, 1996 WL 481534, at *1 (N.D.N.Y. Aug. 22, 1996) (citing *Rodriguez v. Walsh*, 1994 WL 9688, at *1 (S.D.N.Y. Jan. 14, 1994)); *see also Dodson v. Runyon*, 957 F. Supp. 465, 469 (S.D.N.Y.), *aff'd without opinion*, 152 F.3d 917 (2d Cir. 1998). Given the harsh nature of Rule 41(b) dismissals, such dismissals are "appropriate only in extreme circumstances." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (quoted in *Spencer v. Doe*, 139 F.3d 107, 112 (2d Cir. 1998)). Further, a court must be cognizant of the special latitude to be given to a *pro se* litigant. *Webb v.*

4

*Bermudez*, 1996 WL 599673, at *1 (S.D.N.Y. Oct. 17, 1996) (citing *Salahuddin v. Harris*, 782 F.2d 1127, 1132 (2d Cir. 1986) for the proposition that "dismissal against *pro se* litigants should be granted only when they deliberately frustrate the process, not when they do so through a misunderstanding.").

In this District, all litigants have an ongoing obligation to keep their address information updated with both the Court and adversaries. N.D.N.Y.L.R. 10.1(c)(2) ("**All attorneys of record and *pro se* litigants must immediately notify the Court of any change of address**." (emphasis in original)).  A party's failure to provide such information is grounds for dismissal; Plaintiff was advised of this when his Complaint was initially reviewed.  N.D.N.Y.L.R. 41.2(b); *see* Dkt. No. 9 at p. 22 & Dkt. No. 24 at p. 7.  Indeed,

> [i]t is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

*Dansby v. Albany Cty. Corr. Facility Staff*, 1996 WL 172699, at *1 (N.D.N.Y. Apr. 10, 1996) (citations omitted).  Courts in the Northern District of New York have dismissed lawsuits brought by *pro se* plaintiffs for failure to provide a current address. *See Rivera v. Goord*, 1999 WL 33117155 (N.D.N.Y. Sept. 14, 1999); *Fenza v. Conklin*, 177 F.R.D. 126 (N.D.N.Y. 1998); *Williams v. Faulkner*, 1998 WL 278288 (N.D.N.Y. May 20, 1998). In considering whether dismissal is the proper action herein, I must consider the

following: (1) the duration of Plaintiff's failure to comply with the Court's Orders; (2) whether Plaintiff was on notice that failure to comply would result in dismissal; (3) whether Defendants are likely to be prejudiced by further delay in the proceedings; (4) a balancing of the Court's interest in managing its Docket with the Plaintiff's interest in receiving a fair chance to be heard; and (5) whether the Court has adequately considered a sanction less drastic than dismissal. *See Jackson v. City of New York*, 22 F.3d 71, 74 (2d Cir. 1994); *Peart v. City of New York*, 992 F.2d 458, 461 (2d Cir. 1993). "Generally, no factor is dispositive." *Nita v. Conn. Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994).

The Court has not had any communication from Plaintiff since January 24, 2019. Dkt. No. 21. At that time, Plaintiff provided an updated address to the Court, which is the most recent address that the Court has on file for Plaintiff. *Id.* The Court has since had no communication from Plaintiff, in well over two years. Defendants' attempts to contact Plaintiff have also been unsuccessful. Dkt. No. 47. The Court sent Plaintiff the Court's Report-Recommendation and Order on Defendants' 2019 motion to dismiss via certified mail, and it was returned as unclaimed and unable to forward. Dkt. No. 36.

Plaintiff's failure to prosecute and comply with the Court's procedural rules have caused a significant delay. Defendants have now attempted to depose Plaintiff twice, and Defendants' inability to conduct a deposition clearly prejudices their ability to defend the case. Defendants are likely to be prejudiced by a further delay in the proceedings, which may well affect witnesses' memories, the ability to locate witnesses, and the preservation

of evidence. Moreover, the Court finds that Plaintiff was afforded proper notice of his obligation to comply with court orders and to prosecute his and case and the consequences of his failure to comply. *See* Dkt. No. 9 at p. 22; Dkt. No. 24 at p. 7; Dkt. No. 39 at p. 5; Dkt. No. 46 at pp. 2-3. With regard to the fourth factor, under the circumstances, the need to alleviate congestion on the Court's docket outweighs Plaintiff's right to receive a further chance to be heard in this case and weighs in favor of the dismissal of this action, where Plaintiff has been absent for over two years. Lastly, the Court has carefully considered sanctions less drastic than dismissal. Plaintiff has repeatedly failed to communicate by writing or by phone when ordered to do so, and without the ability to communicate with Plaintiff, there is no meaningful way to procure his "reappearance" to actively prosecute this action. Moreover, simply waiting for him to comply with his obligations has not been, and is not likely to be, fruitful, since he has failed to do so for some months now.

In sum, in light of the fact that Plaintiff cannot be contacted or communicated with at his address of record and given his failure to comply with his obligation to prosecute his case and comply with court orders, I recommend that this action be dismissed.

### III. CONCLUSION

**WHEREFORE**, after due consideration, it is hereby

**RECOMMENDED**, that Defendants' Motion (Dkt. No. 47) be **GRANTED**; and it is further

**RECOMMENDED**, that Plaintiff's Complaint be **DISMISSED** pursuant to Federal Rules of Civil Procedure 37 and 41; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[1] days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.</u>** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

**IT IS SO ORDERED.**

Dated: May 7, 2021
       Albany, New York

*[signature]*
Daniel J. Stewart
U.S. Magistrate Judge

---

[1] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).